We will hear argument next in Case 13-3339, CTS Corp. v. Waldburger. Mr. Murray. Mr. Chief Justice, and may it please the Court, CTS should prevail here based on the text of Section 9658, as well as its structure, historical context, and other relevant considerations, all of which make clear that it is a Federalism compromise having no effect on statutes of repose. Section 9658 should be construed narrowly to do the one thing that Congress intended it to do, which is to postpone in some situations a single State law statute of limitations commencement date. We said that the State should prevail here based on the text of Section 9658, as well as its structure, historical context, and other relevant considerations, all of which make clear that it is a Federalism compromise having no effect on statutes  And so, I think it's a little confusing. The study group report indicated there were four of those States. I believe Respondents have pointed to four or five. There are also that have to do with personal injury. There are also myriad others that have to do with property damage, so it gets a little confusing to give a strict answer to that. But there were four statutes of repose squarely in the study group before Congress when they enacted this, so Congress knew about these statutes of repose when they enacted this. But if you were to prevail, then the party's concern might well go to their State legislatures and say, enact a statute of repose. That will get us off the hook even before the injured person is aware of the injury and of the cause of it. And the result of that would be to totally defeat what Congress meant to do in saying the trigger is when you know the cause of the injury. There has not been a rash of moves to State legislatures since this law has been enacted, so we haven't seen that develop. But if I could respectfully disagree with the premise, I think Congress's purpose here was slightly narrower than saving all long-latent injury claims. I think what Congress was worried about was expedition and making sure that it didn't force people to come to court before, under a statute of limitations, before they would be expected to. And that set out the statute itself accomplishes only one thing, section A-1, and I'm reading from page 1 of our opening brief to the Court. It does one thing only, which is if the applicable limitations period for one of these actions as specified in a State law statute of limitations or under common law provides a commencement date that's earlier than the Federal commencement date, then it substitutes the more favorable commencement date. Commencement date, in turn, if we turn to page 2, and this is reading now from B-3, commencement date means the date specified in a statute of limitations as the beginning of the applicable limitations period, which, again, B-2, applicable limitations period is defined as the period specified in a statute of limitations during which one of these civil actions may be brought. So doing the algebra on the definitions, what Congress surgically wanted to do here was to change one thing and one thing only. If you had a less favorable State commencement date, which is the beginning of which an action may be brought, which is accrual, if you had one of these less favorable State commencement dates for statute of limitations, Congress wanted to move that, keeping in place. Kagan. Why would it have wanted to do that and not also get rid of the statute of repose? I mean, presumably, the idea is you should have some chance to sue after you've discovered the injury and the cause of the injury. And if here the statute of repose is preventing that, why would Congress have wanted to modify a statute of limitations but not get rid of the statute of repose? I think Congress was trying to be very careful with what it was doing in this area because it knew it was operating in pretty much the heartland of State law and State prerogatives here. And so while it was willing to go as far as the one study group recommendation and change statutes of limitations, a procedural mechanism, it wasn't willing to go right into the heart of the elements of the cause of action and start changing those because it perceived potentially serious Federalism problems with doing that. It would be akin to Congress passing a law that says rather than, since these negligence is what's at issue here, rather than negligence, Congress passing a law saying the duty of care will be strict liability. I think there are serious constitutional problems with that, as we've set out. And so Congress was very careful to tread lightly here and preserve the prerogatives of the States to keep in place the statute of repose. Ginsburg's What would be the constitutional problem if Congress had said, all people claiming an injury under this statute can commence the action 3 years after discovery of the cause, to send them? To the extent that's a statute of limitations period, it's not a problem. But to the extent it were to affect a statute of repose, North Carolina law is very clear that statutes of repose are an element of the cause of action. In other words, unless you plead and prove this element of the North Carolina law cause of action, you're out of court. Had Congress gone so far as to remove an element, I think you're in dangerous constitutional territory. But what kind of as I don't follow that, a statute of repose is a statute of repose is a time limitation, is that right? It is. But a statute of repose is designed to accomplish something. It's going after very different objectives than Congress was after with statutes of limitations. Statutes of limitations, of course, as this statute reflects, are designed they're about diligence. They're about making sure that people don't sleep on their rights. And so what Congress did here was it left in place State law as it found it, including the limitations period, the time period itself, and all it did was make one slight modification for those who might not have thought to be able to be as diligent as others and moved that date to a more favorable Federal commencement date. Suppose a State has most of these statutes of repose are piggybacked on top of statutes of limitation, right? I mean, you know, you have to sue within 10 years after you find the injury. But in any case, a suit must be brought within 20 years after the act that's the basis of your suit, right? But let's assume you have a State which only has a statute of repose. It just says any suit for this act of negligence must be brought within 10 years after the act occurred. Is that still a statute of repose? It seems to me then that would meet your definition of the commencement time for suit would have to be when the act occurred and you have 10 years from then. A statute written in that sort of way which gives permission, which is exactly what Congress was focused on, might well be a statute of limitation. It doesn't sound like a statute of repose because, again, what Congress wanted to move was the beginning of the period in which it would be brought.  But that's the beginning. It doesn't give permission. It just says, you know, you're liable for negligence in this area, but any suit must be brought within 10 years after the act occurred. To the extent that a statute was that and the State had only a statute of repose, then we don't believe 9658 would touch that at all. And that makes sense, because what Congress was doing was taking State law as it found it. There's no obligation for States to have these causes of action at all. States could repeal these causes of action and there would be no right to sue. States could change their statutes of limitations to a day after accrual, and that would be fine, too. All Congress did was move the date on which a statute of limitations begins to run to a later date. Kagan in Justice Scalia's example, what in the text would prevent you from treating that, you know, the single statute which is written as a statute of repose, what in the text is preventing you from saying that the statute applies to it? Yes, Your Honor. B-2 and B-3 read together, we believe, are the two pieces that would be most relevant. What Congress has chosen to move is the commencement date, when State law is less favorable than Federal. Commencement date is defined as the beginning of the applicable limitations period. And applicable limitations period means a period in a statute of limitations when suit may be brought. Right. A suit under North Carolina law may not be brought just because a defendant has made an act or omission. Indeed, under North Carolina law, a suit may not be brought until an action accrues. That's set out in the statute of repose. But I think you're messing with the hypothetical now. I mean, assume that the statute of repose is all there is. Now, in fact, you're not going to get any suits because nobody's going to know that they're injured until that they know that they're injured. But why wouldn't that be the commencement date is the thing that triggers the statute of repose, the last act or omission, and the applicable limitations period is the 10 years? If we were in a State where you were permitted to sue, permission to sue was given based on the last act or omission of a defendant, then we would be in a different situation. But here, permission to sue does not arise until your cause of action accrues. There's a distinction between the last act and omission of a defendant, which is what starts the running of a statute of repose, on the one hand, and the accrual of a cause of action.  But my hypothetical was different. There is no such distinction. There is no statute of limitations. It's only what you call a statute of repose. And I think you have to say that in that situation it is no longer a statute of repose, that it's a statute of limitations. Again, so long as we're reading 9658 to apply to and only to, it can apply when and only when there is a less favorable State law commencement date. If the State law, as you're positing it, it might well be a statute of limitations. If the State law, as you're positing it, allows someone to bring a cause of action, that starts to sound like a cause of – like a statute of limitations. Here, the statute of repose is in no way tied to anything having to do with the plaintiff. It is an end date which begins with defendant's last act of remission and ends 10 years later and is the end of the cause of action. None of that is the beginning of an applicable limitations period, the beginning of when someone may bring a suit, when suit has accrued, in other words, under North Carolina law, as we think 9658 is.  But when was this statute enacted? What was it? 1986. 1986, I thought. It was not part of the – To tell you the truth, I never heard of this distinction between statutes of repose and statutes of limitations. Well, and there – but to be clear, Congress hasn't always been perfectly clear and certainly some of this Court's decisions, as with jurisdiction and standing, have made some loose use of the language. But Congress certainly has written into various laws, some of which have been presented in the amicus briefs here, back-end, hard-end dates after which causes of action may not be brought. And all Congress has said is that the statute of limitations is not a cause of action. Scalia, and all Congress has said is that the statute of limitations is not a cause of action. So there is no statute that makes that distinction. Or is there any Federal statute which applies only to statutes of repose? There's no Federal statute that makes the distinction between limitations and repose. But there are, as we've had been set out here, many Federal statutes that give this hard-end, back-end protection to defendants, and for important reasons, right? Remember that these statutes are not a cause of action. Oh, yeah. It exists. I mean, these statutes exist. But are they called statutes of repose? Or are they not considered, as I used to consider them when I was in law school, and even as late as 1986, I would have considered that a statute of limitations? You think Congress is smarter? They know the law better. We think Congress understood the distinction, and this is a harder question to answer. But for those who find resort to legislative history helpful here, remember what Congress did in 1980. They passed CERCLA, and then they commissioned, which was not about torts at all. CERCLA is a broad cleanup statute focused on, you know, without fault, without liability, cleaning up land. It then commissioned a study group of leading folks to get together and figure out whether there should be a tort cause of action, whether there should be other changes made to the law, what else should be done in the tort arena. And that study group report was very clear on the distinction between statutes of repose on the one hand and statutes of limitations on the other. And that's what Congress has done. Kagan in general, Mr. Murphy, I think Justice Scalia is right, that in general, Congress hasn't made this distinction. In general, this Court has not made this distinction. In general, I think this goes back to Justice Ginsburg's point. The purpose behind this law, clearly it doesn't matter. I mean, either way, if Congress wanted to make sure that people could sue after discovering their injury, a statute of repose prevents that as well as a statute of limitations does. And yet you are asking us to imagine a Congress that has this very much in its head both the difference between these two things and, you said, the reason that they wanted only to alter the one and not to alter the other is because they thought of the statute of repose as impinging on a State's constitutional prerogatives. Now, that's a very legally sophisticated Congress you are asking us to imagine. You know, to understand this distinction and then to say, oh, yes, look, the statute of repose is really an interference with substantive liability in a way that the statute of limitations is not, and that might raise constitutional avoidance issues. I mean, I think that's pretty sophisticated stuff. Two points, Your Honor. One, actually, Congress, at least at this time, was very sophisticated. And we have set out, again, for those who find legislative history to be helpful, we have set out several exchanges right on the floor between members of Congress where one would ask, what is the difference between a statute of limitations and repose, and another would ask, thank you for asking, and explain it really quite succinctly. So that, at least at that time. Scalia, and everybody was listening to that, though. The chamber was full. That was my first point. But my second point is we don't have to rest on the broad construction of statute of limitations versus statute of repose, sort of the broad definitional purpose. I come back to the text and the structure of the statute here, which, again, only does one thing, moving a commencement date defined as the beginning of the period in which one of these actions may be brought. That simply does not define a statute of repose. It's beginning of the period. Ginsburg, I thought that what Congress was trying to do was to establish a Federally Required Commencement Date, a Federal Requirement, a Federally Requirement Commencement Date. So when you ask the question, how much time do I have to sue for one of these circular injuries, the answer would be 3 years after you know the cause of your injury. Now, on your taking out the statute of repose, it can no longer be a uniform answer to that question. That's absolutely right. All Congress was – there is no uniform answer to that question because a statute of repose does not meet the definition Congress set out in the statute as the beginning of the period in which an action may be brought. That is accrual, and that speaks to statute of limitations. The beginning of which an action may be brought has nothing to do necessarily with the last act or omission of a defendant, which is a statute of repose. And again, it's a perfectly logical distinction for Congress to make, given what they were trying to do. The statute itself makes clear that State law otherwise controls. They didn't touch any other part of State law. All they did was this narrow surgical strike at the beginning of statute of limitations. If I might reserve the rest of my time for rebuttal. Thank you, Mr. Murray. Mr. Palmore. Thank you, Mr. Chief Justice, and may it please the Court. Section 9658 surgically modifies State law tort actions in one limited respect and otherwise leaves them untouched by changing the commencement date for the time period in which a civil action may be brought. The relevant time period.  So, Mr. Palmore, if Congress, if all of the States enact this 10-year statute of repose, then that has totally undermined what Congress set about to do in 9658. I respectfully disagree, Justice Ginsburg, because Congress had before it a report that identified the principal problem in this area as when statutes of limitations periods commenced. And it identified the problem as that minority of States that commenced this running of statute of limitations period at a time of injury, as opposed to discovery of injury and its cause. It's critical to understand here that there were only four States, as counsel said, at the time that Congress enacted this statute that had statutes of repose, and those were States that all had discovery rules. There's no inconsistency between a statute of repose and a statute of limitations with a discovery rule. They typically go together, and they represent a compromise and a balancing of interests on the part of the States that makes an act, enacted a, in a sense, a pro-plaintiff reform to adopt a discovery rule, but provided for defendants the certainty of a substantive cutoff at an outer range. Those two things go together.  But, Mr. Palmore, the question I ask is, suppose all of the States have these 10-year statutes of repose. Then there would be no occasion to invoke 9658, and the plaintiff would be out of court before the action occurred in some cases. Palmore, Well, Justice Ginsburg, I guess if you hypothesize a State that had, didn't have a discovery rule and for some reason had additionally had a statute of repose, I'm not sure why a State would do that. The Federal statute would still work in that setting. But that wasn't the record before Congress. As I said before, there were only four States who had statutes of repose. There's no indication in the text or the legislative history that that was a focus of Congress's attention. Scalia, Are you acknowledging that if a State had only a so-called statute of repose that the Federal limitation would apply to that? It's only a statute of repose piggybacked on what we've been calling a statute of limitations. It's only that one that survives. Palmore, I think, Justice Scalia, I think you have to look at the text and structure of the State law and see what is the commencement date of the time period. Scalia, I think you can answer the question yes or no. Palmore, They had only – so if North Carolina didn't have a three-year statute of limitations and only had this 10-year statute of repose, I think our position would be the same, that section 9658 would not apply. I'm not aware of any State that has such a statute. There was no State mentioned in the study. Scalia, That's why you ought to give it away. Palmore, So I think the critical factor, as Mr. Murray said, was the definitions, the nested definitions in the statute of the beginning of the applicable limitations period, and the applicable limitations period is the period specified during which a civil action may be brought. When can you first go into court with a complete cause of action and file a complaint? Scalia, Okay. You have a statute to say there is a cause of action for X, okay, and a separate statute. There exists a cause of action for X, and a separate statute which says any suit for X cannot be brought after 10 years from the act of the defendant that is the basis for the claim. Okay? Why isn't that the commencement date on which you can bring suit, where the act occurs? Palmore, I think it depends on whether under State law you have a complete cause of action and can go into court, file a complaint, and get relief. And I don't think we have to ask in the abstract, because if you look at page 3A of the government's brief, the appendix to the government's brief, you see what North Carolina law answers this question. It says, ''Civil actions can only be commenced'' It actually uses the same word. ''within the periods prescribed in this chapter after the cause of action has accrued.'' So in North Carolina, as is typical of every State that I'm familiar with, you the statute of limitations period begins to run when you have an accrued cause of action. Now, North Carolina has adopted, had actually adopted a discovery rule. So section 9658 doesn't have any purchase in this case, because the commencement date of the statute of limitations period is the same. But I think there are serious problems.  At least what I take from Justice Scalia's question is that if you think of the – if you imagine, and you're quite right that this doesn't exist in the real world, but if you imagine a statute of repose existing independently, it actually would fit the language of this statute quite, you know, fine. The commencement date would be different. It would not be the date of accrual. It would be the date of the defendant's last act. But still, the statute would work perfectly well. And I suppose if you think that, then, then in a case in which there was both, the question would be why wouldn't you just apply this statute to both? Well, I'd like to go to that question, because I think that that goes to the – the rather strange reading of the statute that Respondents advanced. So Respondents suggests that when A1 talks about a comparison between a Federal commencement date and the applicable limitations period under State law, Congress would have contemplated that there would be a comparison to multiple limitations periods under State law. Furthermore, it assumes that the solution that Congress would have arrived at to an issue with statutes of repose was to have a statute of repose period start with a discovery rule, which would be a creature unknown to the law. And third, they assume that what Congress did here was contemplate that in a State like North Carolina that had two different time limitation periods of two different lengths, that Congress's solution was to require a common starting point for both, rendering the longer limitations period strangely superfluous. If Congress would have gone about this in a much more straightforward way, if it had wanted to accept the study group's suggestion that it repeal or the suggestion was actually directed to the States, that the States repeal statutes of repose, Congress would have done so expressly. It wouldn't have done so by awkwardly layering a discovery rule on top of statutes of repose. And, Justice Scalia, this distinction between statutes of limitations and statutes of repose, we agree it's not the label that controls. We think Congress here showed by the way the definitions and the way this provision works what it had in mind when it talked about statutes of limitations. But the substantive difference between the two is something that both this Court's cases and the law generally recognize. The North Carolina cases that we cite in our brief and the Petitioner's cite, Black and Boudreau in particular, are quite clear in distinguishing between the two. This Court in Lampf, when talking about the one-year, three-year limitations period under the securities laws, distinguished between the two and said there would be no equitable tolling applied to the period of repose, the three-year limit in the securities laws. That didn't turn on the label. That turned on the substance of how these things work. Kennedy, it didn't turn on the label in part because I was looking at the opinion and it talks about a statute of limitations. So that helps the other side, although the repose period helps you. It's right. Justice Kennedy, it's not a question of labels. It's a question of the definitions in this statute and how this statute actually works. We agree the labels aren't dispositive. And as we discussed in our brief, Justice Scalia, conflict of laws is another area in which the courts consistently draw a distinction between statutes of limitations, which they classify as procedural, and thus the forum State can apply its own statute of limitations law, and statutes of repose, which the courts do.  Does the Restatement Court statute of repose, are they going back to what at least I learned in law school? There was a statute of limitations and then there was a so-called built-in statute of limitations. Statute of limitations in general covered all claims, but a built-in statute of limitations was considered to limit not simply the remedy, but the right. That is the distinction that the North Carolina cases draw. Sometimes it can be specific to a statutory cause of action. Sometimes it can be generally applicable. The policy consideration behind the statute of repose is related, but distinct from a statute of limitations, which is about incentivizing a plaintiff to get into court quickly. The statute of repose is intended to provide certainty at the back end to a defendant so it can order its affairs, have insurance policies that make sense. And that statute of repose, as an element of substantive State law, will go with that defendant if it's sued in any other State where there might be venue or personal jurisdiction. As a substantive matter of North Carolina law, that statute of repose will follow. So this is a distinction that the law has generally recognized, and it wouldn't be at all surprising that in the context of a Federalism compromise, which is what 9658 really was, that Congress would have chosen to mirror that same distinction. It would have decided to go after the principal problem that was before it, which was an issue of discovery rules, the absence of discovery rules in certain States, without more deeply intruding into the substance of State law. These are State law tort actions. They are quintessentially within the responsibility and the sovereignty of the States.  What do you think the commencement date in this case was? The commencement date in this case I think was probably in 2009, when under both Carolina law and the Federal commencement date, when these Respondents learned from the EPA that their well water was contaminated, because at that time they both discovered their injury and they understood the cause. So the question is how could that be the beginning of the period during which his suit may be brought? I mean, he couldn't bring suit on that date. Well, we think the best way that's possible is to bring suit. It seems something sort of internally contradictory in your interpretation here. We think there are two ways of looking at it, and either way the Petitioner is correct. One is you look at just the statute of limitations period, which is the applicable limitations period for purposes of the statute. So that 2009 would be the commencement date there, even if there might be a separate barrier to relief. But second, even if you say there is no commencement date under State law, then under A-1 there is no commencement date under State law a fortiori that was earlier than the Federal commencement date, so you end up at the same place. Thank you, counsel. Mr. Korsen. Mr. Chief Justice, and may it please the Court. I'd like to start with the plain wording of 9658, but first just say a sentence or two about the purpose. The purpose of section 9658 is to preserve claims for latent harm from environmental releases from a facility of hazardous wastes until the person discovers the cause of that latent harm. And latent harm, which is all over the legislative history, but which neither of my friends for the Petitioner's mentioned, latent harm is what this statute was passed for. And latent harm includes things such as the groundwater contamination in this case or cancers such as in the Camp Lejeune case. Well, and the whole purpose of the statute of repose is very different. That's to give you a drop, you know, completely finished date, so whatever was latent or not latent, it's over with. It's a different purpose than a statute of limitations. Yes, Your Honor, but Congress was concerned about preserving claims, and it had one purpose here. I agree it had one purpose, but the one purpose of 9658 was to give a uniform trigger date for everybody to have the time to bring a claim, start to run only after they discovered their harm. And that is cut off by a statute of repose, just as it would be by a repose period, just as it would be by any other limitation. Well, I think there's merit to your argument, but the point is, is that there is no cause of action if there's a repose period and the suit is commenced later. And the study commission did recognize this distinction between limitations and repose. I agree with Justice Scalia. I didn't have Justice Ginsburg's law professor, but this was new for me. Your Honor, it was new. If I could circle back to the study group in just a minute. In fact, Petitioner's own brief on page 32 says that this was a newly emerging terminological distinction, a newly emerging terminological distinction as of 1986. And to return back to one of Justice Kagan's questions, it expects an awful lot for Congress to be able to do that. It expects Congress to have been aware of that and made this distinction that it's not even made to this day in 2014. Sotomayor, I was aware of it because the study group used the two terms, and they knew they were two different statutes because they were told. Now, how you make assumptions, I'm assuming that if there's a report as there was with this, that people would be responding to it in the legislation that's being drafted. Yes, Your Honor. Yes, Justice Sotomayor. Let me talk about that distinction for just a minute. The study group report, and it's a very impressive work, about 700 pages long, one time, one time does it use the term statute of repose. And in that one use, it's within the heading of statute of limitations. And what the study group said is that in a handful of States, statutes of repose have the same effect of statute of limitations without a discovery rule as barring people's claims before they know they've been harmed. And it said nothing about one is substantive, one is procedural. It just said they have the same effect. And therefore, and therefore should be repealed, not and therefore should be covered by the Federal statute. Both recommendations, Justice Scalia, both recommendations, and this is crucial, both recommendations in the study group report were directed at the States. It said States should adopt discovery rules and States should repeal statutes of repose. Congress didn't wait on either of those. Congress, anyway. Scalia, you know, as the government argued, it doesn't matter. It's not a matter of terminology. It's a matter of reality. It's a matter that these two things, whether they were given different names in 1986 or not, are quite different things. And do you deny that they are quite different things and that, therefore, the statute may apply to them quite differently? I do, Your Honor. I do deny that they are quite different. They have at core the same basic similarity of defining a period when an action may be brought. And that's the language used in the secondary authorities of the day and used by Congress. They both define periods when an action may be brought. Now, there are some distinctions that, again, have emerged more clearly in some lower courts since 1986, but they have at that bottom, even to this day, the fact that they are both periods when an action may be brought. Well, why would these four States have two of them, then? I mean, if they're doing the same thing, why have two different ones? The States that have those, Your Honor, don't even classify them as statutes of repose. In fact, the North Carolina one here, and you can see it on page 3 of the red brief, it's not in the blue brief, but the North Carolina statute, what we're talking about is one sentence out of paragraph 16 in a statute of limitation. But it's an important difference, because in the States that have repose statutes, there can be no tolling. I mean, that's huge. A minor, an incompetent person can't sue. That is a difference, Your Honor, but it's not a difference that was significant to Congress. Congress was trying to preserve claims for people of latent harm. Kennedy, I'm saying that repose statutes, when they exist, impose substantial hardships on people that the State otherwise protects, minors and incompetents. They're out of luck. Well, in 9658, there's in fact provisions for minors and incompetents, and so statutes of limitations typically have those, but yet they are included in 9658. That's the whole point. Statutes of repose do not. Which suggests 9658 had statutes of repose in mind. There would be no need to protect minors for a statute of limitations where there is equitable tolling. But putting aside tolling, there's no reason why. Kennedy, I think, no, I think we all concede that what we're talking about here is a statute of limitation. We're not saying there's also a statute of limitation. Everyone concedes that there is a statute of limitations here, that the Federal law is a statute of limitation. And so it protects minors. But the question is whether or not there's this other statute of repose supersedes it. So you can't look, you can't, you can't quote us to the minors part of the statute and say that it isn't, because that doesn't address the point. You still have the general equitable point that we're, that the position of the Petitioner might frustrate Congress's intent. Well, putting aside minors, Your Honors, the plain language here applies to any type of period, whether you call it a limitations period or a repose period. The plain language applies to any period. Kagan is your understanding of the operation of the statute, is the applicable limitations period, do you see the statute as applying seriatim first to the statute of limitations and then to the statute of repose, or is the applicable limitations period the period that you can sue when you combine those two? In most States, you just have one period. So in this State, yes. Here we have a hybrid statute of limitations. That's what it's been called. It's also been called a bifurcated statute of limitations. It's also been called a two-tiered statute of limitations. I just want to know, how do you apply this statute to what we have here? Is there a single applicable limitations period which represents the period when, given both clauses, you can sue, or are you saying that there are two applicable limitations periods? In this statute, too, and in a small number of other States, there are two periods, both a 3-year period and a 10-year period. Then you stumble into the difficulty that Petitioner pointed out, or maybe it was the government pointed out, A-1 does not refer to two statutes of limitations. It says, if the applicable limitations period for such action, as specified in the State statute of limitations, provides a commencement date, which is earlier. Now, you know, if they were really covering two different or envisioned that in some States you had two statutes of limitations, it seems to me they should have phrased it differently. If the applicable limitations period or periods for such action, as specified in the State statutes of limitations, provides a commencement date or commencement dates, something like that. It's all in the singular. Yes, Justice Scalia. Let me address the singular point. What we have here, again, is a hybrid statute of limitations with two periods, which were rare then and rare now. But in that rare situation, the applicable limitations period is the one that a defendant is asking a court to apply, to dismiss a case with prejudice. And in this case, that's the 10-year period. That's the applicable limitations period. Now, the Petitioner, on the other hand, and the government, they both say there's no period in this case. There's no period in this case where a case may have been brought. So in other words, under their reading, there is no applicable period. But in that, the statute here can easily read to have two periods. Sotomayor, I don't know why you're even caring. Isn't the applicable limitations period, as far as you're concerned, the period in which you can bring a suit? And that would be the shorter one under all circumstances. And aren't you saying that statute of repose are preempted because you couldn't bring a suit? Yes, Your Honor. And that shows, that gets to the contradiction that was brought up during the Petitioner's argument. The Petitioner argues that Congress only addressed one part of the study group's recommendations, the discovery rule, but not repose periods. But on the other hand, they argue under our reading, a repose period would never apply. And that's, that shows that the study group's recommendations were carried out. Scalia, you know, the statute does not refer to your cause of action. So it's hard to say that the period refers to, it refers to, is the period that you're trying to get around. It says if the limitations period for such action, that is, any action brought under, any action brought under State law, I think to read that as applying to whatever limitations period is asserted by, against a particular plaintiff, I find it hard to read it that way. It seems to me they're referring to a limitations period for the action that exists under State law, regardless of what is alleged in the particular complaint. Anyway, I think you've got a real problem with the singular versus plural phrasing of number one. Well, to say one more thing about singular versus plural, we have cited the Dictionary Act, 1 U.S.A. 1 U.S.C. 1, which says that the singular ordinarily is read as the plural. Now, I know there's been a couple of decisions saying that's a rarely applied rule. But this is a little bit different. I mean, it seems Justice Scalia would have a point if it just said if the limitations period. Your argument is that you put in the word applicable, and it actually makes the statute read a little bit differently. It suggests that there are plural limitations periods, and the one that this provision applies to is whichever one happens to be applicable as you apply the provision. I think that's exactly right, Justice Kagan. Scalia, except they're both applicable to this cause of action. Both of those periods are applicable. You run afoul of one of them, but not of the other one. It doesn't mean they're not both applicable. This is certainly angels on the head of a pin, isn't it? If I could speak a little bit about commencement date. Commencement date is defined as the beginning of the period when an action may be brought. And Petitioner and the government argue that there never was a period when an action may be brought here. And in fact, however, on page 18, we've cited numerous authorities that define a repose period as exactly that, when an action may be brought. That's a definition for a repose period.  But if you take this, the facts of this case, 10-year statute of repose, there was never a time when these plaintiffs had an action that could be brought, because the 10-year limitation ended their right to sue before they had a claim. Yes, Your Honor, except that that's not how the terms are defined. And we've cited cases on page 18, North Carolina cases, in fact, and also the corpus jura section that Petitioner relied on, defining a statute of repose exactly as that, as a period when an action may be brought. Now, in their reply brief, Petitioner says, faced with those authorities, Petitioner says, well, no, no, a repose period is actually a period after which an action may not be brought. But that's really just two ways of saying the same thing, when an action may be brought or a period after which an action may not be brought. Roberts, It depends whether they have a discovery rule or not, whether it's a period when an action may be brought or whether it's a period after which an action may not be brought. And the whole purpose of this was to require a discovery rule, and once you require a discovery rule, the statute of repose has completely independent meaning, complete – serves a completely independent office. The purpose, however, Mr. Chief Justice, was to preserve claims for latent harm, no matter what the period was that began. The purpose was to have a uniform trigger date that started the time to bring an action once you had discovered your harm. And if you use the defined terms here, then it applies to any type of period. Whether you call it a limitations period or a repose period, no matter what you call it, the purpose of the statute of repose is not to preserve latent causes of action. It's quite the opposite. It's to put an end to, in particular, latent causes of action that haven't been brought. Yes, Your Honor, but Congress's purpose was to preserve claims, no matter what the period was. Congress's purpose – Congress was concerned about people not having their day in court. And this is in the House conference report. It's all over the study group report. People not having their day in court because a period ran before they – began to ran before they discovered their harm. And that applies to a repose period. Sotomayor, I don't know if any such date exists, but assume a State said, ah, we're tired of environmental claims, you can't have them. We're not going to have one at all. Was Congress preempting that decision? Not here in 9658, Your Honor. No, no. Congress was preempting the commencement. So why isn't a repose like that? Well, why isn't a statute of repose simply a decision that you just can't have a claim at all if it's older than 20 years old? Well, going back to the plain wording, Your Honor, it has a commencement date. It has a beginning. It begins from the Defendant's last act. It does have a beginning, and it's not a completely new date. But it's not a commencement date in the term. Commencement means commencement of a lawsuit. The trigger for the statute of repose here is not a commencement of a lawsuit date. It is the commencement of the running of the limitation period. But it isn't the time when you can commence a lawsuit. It is the beginning of the period of a time when an action may be brought, which is exactly how Congress defined the term. It is – it does have a commencement date because it does have a beginning, and it does define a period when an action may be brought. But you couldn't commence an action, say, the last – the Defendant commits the last act. And then plaintiff sues the next day. Well, plaintiff can't sue the next day because the plaintiff doesn't know that she's been injured. Correct, Your Honor, but that's not how Congress defined the terms. Congress gave specific – They picked up on State statutes, and as I understand it, the very purpose of the statute of repose or the built-in statute of limitations is to check the discovery rule, to say, no, we don't want the discovery rule to operate after a certain amount of time. A certain amount of time has passed. So the notion of what has been called a statute of repose and a discovery rule, the very purpose of the repose statute is to say no discovery rule. That is correct, Your Honor, and that was not Congress's purpose. Congress wasn't – in this specific area of hazardous waste released into the environment, Congress's purpose wasn't figuring out the difference between these different statutes and whether the State wanted to bar claims or not. Congress was trying to preserve claims and use defined terms that do preserve claims, no matter what – no matter what you call the type of period. Congress was trying to preserve claims for long-latency illness. That's very apparent. And my friends, the Petitioner and the government, you'll notice in their brief they maybe mentioned latency once. Today, at oral argument, neither mentioned latency. That's what Congress was concerned about. It's all over the study report. It's in the House conference report more times than they brought up here. Latency and long-latency illness is exactly what Congress was concerned about. And repose periods affect that more than any other type of limitations period. So if I could talk a little bit about the purpose of the Act. The evolution of this statute is very important here. It dates back to 9651, which was enacted in 1980 when CERCLA itself was enacted. 9651 set up the study group to study barriers to recovery to – in cases involving harm to man and the environment, barriers to recovery. And the study group was a very distinguished group, with attorneys generals and others from the legal community, and the study group determined that a main barrier to recovery were limitations periods that ran before people discovered their harm. And unanimously recommended that States act to enact discovery rules, but also abolish repose periods. And then the House conference report states that's what was addressed, the problem of long-latency illnesses.  Kagan, I think it's an awfully strange way to abolish a repose period, right? I mean, one way to abolish a repose period is just to abolish a repose period. Another way is to say what Congress seems to have said here, which is move the first date of the period of repose up to a new Federal commencement date so that the period of repose wholly – is wholly redundant as to the limitations period. Now, that's a kind of strange way to do a pretty simple thing, isn't it? I disagree, Justice Kagan. It's a very short statute. And what you've just said, as the amicus brief for Jerome Ensminger and others pointed out, it's a very simple and effective way of accomplishing this. It's a short statute, and then, as you say, it does away with repose periods that have already run. So it's actually a fairly compact and effective way of doing that. Yet also, it's also respectful for State's rights in a couple of ways. It – rather than creating a new cause of action, it allows State – the content of State law to continue. It's just the starting point that was affected. It's respectful of State's rights in that way. And also, very few States even have one of these repose periods. So it was a very simple and effective way to do it, not a, you know, perhaps it could have been done differently. You know, we could always say Congress could be more clear. But it's actually a very simple and clear and effective way of doing that. And the other side, by saying that the statute effectively eliminates repose periods, shows how effective that is. That's on Petitioner's brief, page 14. It's in the government's argument today that the statute makes repose periods superfluous. Well, in other words, they've been abolished. It's actually very, very simple and short. Roberts, on the one hand, I thought you just told us they were respectful of the State's concerns. And now you said they completely abolished repose periods. Yes, Your Honor. I said it was – yes, Mr. Chief Justice. It's respectful in that it allowed State law to continue. And if you look at what Congress was facing – Well, I'm sorry, not the State law with respect to repose. No. But the State – the State tort claims we're talking about, such as nuisance and trespass and negligence, and the entire content of State law is respectful of State law with respect to repose. And I do have to correct something the – my friend, Mr. Murray, said. Repose periods under North Carolina law, they are not an element of a defense that has to be pled. I've been a North Carolina attorney continuously since 1992. I have to tell you, as an officer of the Court, they are not pledged as part of complaints. And when somebody wants to move based on a repose period, they do it the same way they would move to dismiss under any limitations period, under Rule 12b-6 or 12b-2 under the motion as we've done here. Is it waived if it's not pled? Is which waived? Is the statute of repose waived if it's not raised as a defense? There are conflicting State cases on that. I think some say, well, it would be pled at some point. It doesn't have to be raised as an affirmative defense, some cases say. It doesn't have to be raised as an affirmative defense, some cases say. But it is raised in the same way. It's not an element. It's not an element a court would look at in like a Twombly-Iqbal-type situation and say, well, you didn't plead this as an element. Alitoso, what if a State wanted to enact a very long statute of repose and they said, look, we want to protect latent claims, but there has to be some limit. So we're going to enact a statute of repose of 30 years or 50 years. Under your reading, that would be wiped out as well, right? It would, Your Honor. And the reason why, the reason why is what Congress was concerned about here, which was long latency periods. And periods of up to 40 years are mentioned in the study group report. And though that seems like a long period, the — this is really a policy decision. Limitations periods are really pure policy. This Court said so back in 1945 and other times. And Congress made that as a policy decision. If the polluter is not on the hook after 30 years, who would be, Justice Alito? It would be the innocent neighbor living nearby, the innocent cancer victim, all of us as taxpayers. Congress made that policy choice that it should be the polluting company that's put the environmental hazardous waste into the environment. And again, it has limited — it does have a very specific focus, this statute. It's limited to hazardous waste released from a facility into the environment. And in that situation, Congress made the policy choice, the polluter, you are on the hook, you stay on the hook, you clean it up as long as it takes. And the other side, the result — think about what the result would be here for the other side. After 10 years, no liability. The incentive there would be, instead of cleanup, which is the reason 9658 has been passed, instead of cleanup, that would encourage cover-up. And Congress did not want that. Congress wanted, again, polluters to be on the hook as long as it took to clean up. In the prior— But you said they wanted to have polluters on the hook, but they didn't even take — if the State did not have any basis of recovery, this did nothing about that at all? It did not — it did not require States to adopt particular remedies or extend the remedies to cover this. If they didn't have remedies for this type of action, the provisions we are talking about now did nothing about that at all. Well, 9658, Mr. Chief Justice, talks about any action under State law for harm to people or property from hazardous waste released into the environment. And so 9658 was specifically looking at actions for this type of environmental harm. But when you talk about horribles that could happen, a State could — could say, with respect to the special cause of action for creating harm to individuals by hazardous waste, the statute will begin upon discovery and it will last for 3 months. A State could do that, right? And that would comply with this law, wouldn't it? A 3-month statute of limitations. All the Federal law refers to is when the statute commences. But it still is left up to the State to say how long the statute can be, isn't it? As long as — what 9658 establishes, Justice Scalia, is a floor. States can do more, but the floor is when you've discovered the floor. No, no, but you can answer yes or no to that, I think. The State can make the statute of limitations as short as it wants so long as it commences upon the discovery. Yes, Your Honor. Discovery of the cause of harm. I can imagine a lot of horribles that can occur with that, just as you can imagine horribles that occur under the other system. Yes, certainly, Your Honor. A couple of other points. The Petitioner's argument and the government's argument relies very much on accrual. And accrual was not a term even used in 9658. The plain wording does not even use accrual. And so that's something we wanted to point out. And the study group report itself on page 59 envisioned tort liability under the Federal Tort Claims Act if the government was the owner of property and had been negligent with the property, so actions against the government were foreseen. The study group report, again, in the concern expressed repeatedly about latency also noted that the problem here is due to groundwater contamination from industrial solvents. That's exactly what we have in this case. So back in 1982, the study group envisioned the problems that the country was having, which was groundwater contamination from industrial solvents. This contamination The study group was making recommendations to the States, and it made two discrete recommendations. One is time the statute of limitations from awareness of the injury and its cause. And the second was instructing to the States, don't have any proposed statutes because they will defeat our purpose of taking into account latency. So the study group is addressing State law. Then Congress does something different. It provides a Federal limitation period that is based on discovery of the injury plus the cause. The second recommendation made by the study committee, abolish statutes of repose, Congress didn't do that. Well, I disagree as to them not having done both, Your Honor. If you – Congress did not use the word repose in 9658. The one – you know, but the word choice doesn't matter. If you use the definitions, Congress effectively did both. And that's our argument. Congress did do both. Rather than waiting on the States to do both, Congress itself did both in 9658. And to follow up an earlier question of yours, Justice Ginsburg, a result to the contrary here would result in – could result in a race to the bottom, if you will, where States were then incentivized or, you know, lobbied to enact repose periods. Other States could do this, and that would be the sort of race to the bottom Congress would not want. So that is possible. Roberts Is there any sign that that's happening? I mean, it seems to me that these are, as we know, rare and have been rare for some time, right? I mean, do you really expect States to start suddenly enacting statutes of repose? With today's lobbying climate, I wouldn't put it past the realm of possibility. And it was something that we did. Are there lobbyists on both sides of the issue? I don't want to hazard a guess as to the relative powers of the lobbyists. But I think they – I think they may go one way and not in favor of the environment. You want us to write an opinion that we can't trust State legislatures? No, you're – what I meant with that was to follow up an earlier question of Justice Ginsburg's that I thought was suggesting that. If I could end with one – with one final hypothetical. Imagine two individuals at age 18 both enrolling in – enlisting in the Marines. And one is stationed by the government in Camp Pendleton in California. And after 10 years of being transferred out of Camp Pendleton, develops a fatal cancer. His relatives would not at all be barred because there's no repose period in California. Imagine another individual enlisted at the same time, stationed by the government at Camp Lejeune in North Carolina. And after being sent from North Carolina, developed the same cancer, the relatives in California would have a claim, the North Carolinians – the relatives of the North Carolinian would not. Thank you.  Thank you, counsel. Mr. Murray, you have four minutes remaining. Thank you, Your Honors. Briefly, I would say, just to respond to a point my brother made here, I would say that Hargett v. Holland, 447 Southeast 2nd at 787, North Carolina Supreme Court, as well as Tipton and Young Construction Company, 446 Southeast 2nd, 603 from the North Carolina Court of Appeals, both of which make clear that statutes of repose are conditions precedent that must be specifically pled under North Carolina law. But the broader point is simply this. CERCLA, as originally enacted, is a cleanup statute designed to tag people who have touched the property at all with cleanup responsibility, regardless of fault. That's what it did when it was enacted in 1980, and that's what it still continues to do today. When Congress in 1986, in response to the study group report, enacted this 19650 section, this small surgical change, it did so using defined terms, and it said what it meant, and it meant what it said. Applicable limitations period doesn't mean any one that might apply. It's defined in the statute, and may be brought is linked up with beginning of may be brought. That is classic formulation at the beginning of the statute of limitations, not a statute of repose which commences with defendant's last act. And again, this just makes sense. In drafting this statute, Congress was expressly trying to minimize – it may or may not have had in its head specifically the presumption against preemption, but this Court presumes that it does – it was seeking to minimize intrusion into a traditional area of State regulation. And we know that because the statute on its face says State law generally applies except as provided in this provision. It leaves all of State law intact other than this commencement date, and conspicuously does so. And the presumption against preemption in legislative history only confirmed this. Congress wanted 50 flowers to bloom in this area, and it didn't cut that off. And for good reason. Repose is an important piece of this puzzle. It's the counterbalance to the discovery rules that were being enacted by these States in this tumultuous period. By setting a statute of repose, you avoid the very real possibility that a client like mine can be sued over a site. I mean, there's a fence around a hole in the ground there now. My client hasn't – has abandoned this site in 1987. The suit was brought in 2009. Asking clients to defend these cases, where are the documents? Where are the witnesses? How do you avoid vexatious litigation designed to shake down settlements 40, 50, and 60 years after you've abandoned a site? What Congress did here makes absolute sense, and the narrow and surgical way in which they did it, given that they were acting in a traditional field of State law supremacy, it makes all the sense in the world. Sotomayor, that last argument about, you know, liability 30, 40 years later, I think 46 States have that – have it that way. And Congress wasn't all that worried about that, and there isn't a very strong policy argument that says it's not – that it's so fundamentally unfair that you shouldn't do it. Well, again, Your Honor, actually, a lot of those States have statutes of repose that deal with property specifically, not personal injury. It gets a little bit messy because there's not a perfect match there. But the bottom line is the way in which Congress acted here is not at all surprising, given that they knew they were acting in a traditional State field, the heartland of State authority, which was State tort law, unless the Court has further questions.  Thank you, counsel. Counsel, the case is submitted.